## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RICHARD POLA & ASSOCIATES INC.,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,**<br><br>    **Defendants.** | Case No. 26-03385 |

### COMPLAINT

1. Plaintiff Richard Pola & Associates Inc. ("Plaintiff") brings this action to recover duties collected under executive orders that invoked the International Emergency Economic Powers Act ("IEEPA") to impose tariffs on imported goods.

2. Those tariffs were imposed beginning in February 2025 through a series of executive orders directed at imports from Canada, Mexico, China, and later a broad range of additional countries.

3. On February 20, 2026, the Supreme Court held in *Learning Res., Inc. v. Trump,* 146 S. Ct. 628 (2026) that IEEPA does not authorize the President to impose tariffs. The Court also confirmed that challenges to those tariffs fall within the exclusive jurisdiction of the Court of International Trade.

4. Plaintiff imported merchandise subject to those unlawful IEEPA duties and paid duties that would not have been owed absent the challenged orders.

5. Plaintiff seeks declaratory and remedial relief, including reliquidation where necessary, liquidation of unliquidated entries without IEEPA duties, and refunds with interest as provided by law.

## PARTIES

6. Plaintiff Richard Pola & Associates Inc. is a California corporation headquartered at 2205 Pacific Coast Highway, Hermosa Beach, California, 90254, and an importer of merchandise into the United States, including custom drinkware, packaging and promotional products.

7. Defendant U.S. Customs and Border Protection ("CBP") is the agency responsible for assessing and collecting duties on imported merchandise.

8. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

9. Defendant United States of America received the duties at issue and is a proper defendant in this action.

## JURISDICTION

10. This Court has jurisdiction under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i).

11. Plaintiff has standing because it imported merchandise subject to the challenged duties, paid those duties, and suffered monetary injury directly traceable to the challenged executive orders and CBP's collection of the duties. The relief sought here would redress that injury.

**FACTUAL ALLEGATIONS**

12. On February 1, 2025, and in the weeks and months that followed, the President issued executive orders imposing tariffs under IEEPA on imports from Canada, Mexico, China, and later on imports from numerous other countries. Those orders included Executive Orders 14193, 14194, 14195, 14200, 14228, and 14257.

13. The challenged orders directed changes to tariff treatment and caused CBP to assess and collect additional duties on covered merchandise entered into the United States.

14. Plaintiff imported merchandise subject to those duties and paid IEEPA duties on entries affected by the challenged orders.

15. In *Learning Res., Inc.*, the Supreme Court held that IEEPA does not authorize the President to impose tariffs, holding that "IEEPA does not authorize the President to impose tariffs."

16. Because the duties paid by Plaintiff were collected under executive orders that exceeded the President's statutory authority, those duties were unlawfully collected.

17. Plaintiff therefore seeks relief for duties it paid under the challenged IEEPA tariff orders, together with any related entry relief that is necessary to make Plaintiff whole.

**COUNT I**
**THE IEEPA TARIFF ORDERS WERE UNLAWFUL AND THE DUTIES COLLECTED FROM PLAINTIFF MUST BE REFUNDED**

1. Plaintiff repeats and realleges paragraphs 1 through **17** as if fully set forth here.

2. The challenged executive orders purported to impose tariffs and related duties under IEEPA.

3. The Supreme Court in *Learning Res., Inc.* held that IEEPA does not authorize the President to impose tariffs.

4.  The duties assessed against and paid by Plaintiff under those executive orders were therefore unlawful.

5.  Plaintiff is entitled to relief sufficient to restore it to the position it would have occupied absent the unlawful duties, including refunds, reliquidation where necessary, liquidation of unliquidated entries without IEEPA duties, and interest as provided by law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

a)  declaring that the challenged IEEPA tariff orders were unlawful to the extent they imposed duties on Plaintiff's imports;

b)  ordering CBP to reliquidate any liquidated entries of Plaintiff that included IEEPA duties, where reliquidation is necessary to provide relief;

c)  ordering CBP to liquidate any unliquidated entries of Plaintiff without IEEPA duties;

d)  ordering refunds of unlawfully collected duties, with interest as provided by law;

e)  awarding Plaintiff its costs and any other relief the Court deems just and proper.

Dated: July 28, 2026                      Respectfully submitted,

/s/ Jason P. Wapiennik

**GREAT LAKES CUSTOMS LAW**

By:    Jason P. Wapiennik
       32437 5 Mile Road
       Livonia, MI  48154
       P: (734) 855-4999
       jason@greatlakescustomslaw.com

**ATTORNEY FOR PLAINTIFF**